(No. 82-CC-0294—■■■■■■■■■■■■)

LORETTA RIORDAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 17, 1981.*

LORETTA RIORDAN, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

Claimant seeks an award as the widow and statutory beneficiary of first deputy superintendent James J. Riordan, pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act. Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*

The Court has reviewed Claimant's application for benefits together with the written statement of decedent's supervisor, and has also reviewed the police reports of the Chicago Police Department, the medical examiner's certificate of death and the report of the Attorney General. From its consideration of these documents the Court finds:

1. A claim was filed herein by Loretta Riordan, widow of James J. Riordan, first deputy superintendent of the Chicago Police Department, who died on June 6, 1981, from gunshot wounds;

2. Loretta Riordan, as widow, is entitled to payment pursuant to section 3 of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 283) which provides that the surviving spouse is entitled to the entire award where there is no designation of beneficiary on file;

3. The police reports state that on June 6, 1981, decedent was escorting a man who had caused a disturbance from a bar. The man had a gun in his hand and while the decedent was escorting him from the bar, the decedent was shot. He died from his wounds a short time later;

4. The medical examiner's certificate of death lists the cause of death as bullet wound—neck (internal jugular vein and transection cervical cord);

5. There is nothing in the circumstances to suggest that decedent's death resulted from the wilful misconduct or intoxication of the decedent;

6. The facts as herein reported are in compliance with the requirements of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 281 et seq.). Claimant, as widow of James J. Riordan, is entitled to an award of $20,000.00 as is provided by law.

By reason of the foregoing, it is hereby ordered that an award of $20,000.00 be, and is hereby made to Loretta Riordan, the widow and statutory beneficiary of James J. Riordan, as is required by the provisions of the Law

Enforcement Officers and Firemen Compensation Act. Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*